Dear Mr. Campbell:
Your opinion request to the Attorney General has been referred to me for response. The facts presented by you raise a question under Louisiana's dual office holding law. They are as follows:
 You are presently employed as a Deputy Clerk of Court with the Vermilion Parish Clerk's Office. The position is full time. You are planning to run for city council in the City of Abbeville.
You ask if this combination of offices is prohibited.
For the following reasons, it is the opinion of this office that the above combination of positions is prohibited. The office of City Councilman is a local elective office as defined by LSA R.S. 42:63(1). The position of Deputy Clerk of Court is a local appointive office under LSA R.S. 42:62(2) because it is an "office in any branch of government" . . . which is specifically established . . . by the constitution or laws of this state . . . which is filled by appointment . . . by an elected or appointed public official. The office of Deputy Clerk is provided for in the La. Const. of 1974, Article V Section 28 and the elected clerk of court makes the appointment. As noted above, the office is also a full time job, see LSA R.S. 42:62(4).
The prohibition is found at LSA R.S. 42:63D which states in pertinent part as follows:
 "D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full time appointive office in the government of this state or in the government of a political subdivision thereof."
Should you win the city council position, you would hold an elective office in a political subdivision and also hold a full time appointive office in a political subdivision, a combination which is prohibited by LSA R.S. 42:63d.
Trusting the above is helpful to your inquiry, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr